SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
A.G.L., an Infant under the age of 14
years, by his Parent and Natural Guardian, ELIZABETH
LUIS, and ELIZABETH LUIS, Individually

                                          Plaintiffs,

    -against-

DANIEL PAGNANI, M.D., DR. KAISHA, GREATER
HUDSON VALLEY FAMILY HEALTH CENTER
and ST. LUKE'S CORNWALL HOSPITAL,

                                          Defendants.
-----------------------------------------------------------------X

**SUMMONS**

Index No.:       EF005824/17
Date Purchased:  07/26/17

Plaintiffs designate Orange
County as the place of trial

The basis for venue is:
Plaintiffs' residence and
defendants' place of business

Plaintiff's residence:
172 1st Street, Apt. 1D
Newburgh, NY 12550

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, NY
       July 26, 2017

                                                                _/s/ Amy L. Insler_
                                                                Amy L. Insler, Esq.
                                                                Bonina & Bonina, P.C.
                                                                Attorneys for Plaintiffs
                                                                16 Court Street, Suite 1800
                                                                Brooklyn, NY 11241
                                                               718-522-1786

{00122158}

TO:

Daniel Pagnani, M.D.,
147 Lake Street
Newburgh, NY 12550

Dr. Kaisha
147 Lake Street
Newburgh, NY 12550

Greater Hudson Valley Family Health Center
147 Lake Street
Newburgh, NY 12550

St. Luke's Cornwall Hospital
70 DuBois Street
Newburgh, NY 12550

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------------X
A.G.L., an Infant under the age of 14 years, by his Parent
and Natural Guardian, ELIZABETH LUIS, and
ELIZABETH LUIS, Individually,

                                   Plaintiffs,                **VERIFIED COMPLAINT**

   -against-

DANIEL PAGNANI, M.D., DR. KAISHA, GREATER        Index No.:  **EF005824/17**
HUDSON VALLEY FAMILY HEALTH CENTER and
ST. LUKE'S CORNWALL HOSPITAL,

                                Defendants.
------------------------------------------------------------------X

      Plaintiffs, by and through their attorneys, BONINA & BONINA, P.C., complaining of the defendants herein, as and for a Verified Complaint in the above entitled action, respectfully show to this Court and allege upon information and belief as follows:

**AS AND FOR A FIRST CAUSE OF ACTION TO RECOVER
MONETARY DAMAGES FROM THE DEFENDANTS
UNDER A THEORY OF DEPARTURE FROM ACCEPTED
MEDICAL PRACTICE ON BEHALF OF THE INFANT
PLAINTIFF, A.G.L., BY HIS PARENT
<u>AND NATURAL GUARDIAN, ELIZABETH LUIS</u>**

**FIRST:**

      That prior to the service of this Summons & Complaint, plaintiffs purchased Index Number EF005824 /17 from the Supreme Court of the State of New York, County of Orange, in accordance with the requirements of the CPLR.

**SECOND:**

      That this case falls within one or more of the exceptions of CPLR §1602.

{00122165}                                    1

**THIRD:**

That the plaintiff, ELIZABETH LUIS, is a resident of the County of Orange, State of New York.

**FOURTH:**

That the infant plaintiff, A.G.L., is a resident of the County of Orange, State of New York.

**FIFTH:**

That at all times mentioned herein, the infant plaintiff, A.G.L., is, was and has been an infant under the age of 14 years, having been born in 2015.

**SIXTH:**

That at all times mentioned herein, the plaintiff, ELIZABETH LUIS, is, was and has been the mother and natural guardian of the infant plaintiff, A.G.L.

**SEVENTH:**

That at all times mentioned herein, the defendant, DANIEL PAGNANI, M.D., hereinafter referred to as "PAGNANI", maintained offices for the practice of medicine and/or did engage in the practice of medicine within the County of Orange and State of New York.

**EIGHTH:**

That at all times mentioned herein, the defendant, "PAGNANI", held himself out to the general public, and more particularly the plaintiffs herein, as a duly qualified and/or licensed physician capable of practicing medicine within the State of New York.

**NINTH:**

That at all times mentioned herein, the defendant, "PAGNANI", for a consideration offered to render proper and competent medical services, surgical services, including pre and

{00122165}                                        2

post-surgical services, examination services, diagnostic services, prescription services, radiology services, laboratory services, treatment services and in general all necessary services to give proper, adequate and competent medical care and attention to members of the general public, and more particularly the plaintiffs herein, and further held himself out to such individuals as having the necessary and requisite skill, expertise, training, education and/or support personnel, equipment, supplies, diagnostic, laboratory, radiological and/or hospital facilities to perform the same up to the standards of such care prevailing within the local, state and national community.

**TENTH:**

That at all times mentioned herein, the defendant, Dr. Kaisha, hereinafter referred to as "KAISHA", maintained offices for the practice of medicine and/or did engage in the practice of medicine within the County of Orange and State of New York.

**ELEVENTH:**

That at all times mentioned herein, the defendant, "KAISHA", held herself out to the general public, and more particularly the plaintiffs herein, as a duly qualified and/or licensed physician and/or nurse capable of practicing medicine within the State of New York.

**TWELFTH:**

That at all times mentioned herein, the defendant, "KAISHA", for a consideration offered to render proper and competent medical services, surgical services, including pre and post-surgical services, examination services, diagnostic services, prescription services, radiology services, laboratory services, treatment services and in general all necessary services to give proper, adequate and competent medical care and attention to members of the general public, and more particularly the plaintiffs herein, and further held herself out to such individuals as having the necessary and requisite skill, expertise, training, education and/or support personnel,

equipment, supplies, diagnostic, laboratory, radiological and/or hospital facilities to perform the same up to the standards of such care prevailing within the local, state and national community.

**THIRTEENTH:**

That at all times mentioned herein, the defendant, GREATER HUDSON VALLEY FAMILY HEALTH CENTER, hereinafter referred to as "FHC", was and still is a corporation, duly existing pursuant to the laws of the State of New York and doing business within the County of Orange and State of New York.

**FOURTEENTH:**

That at all times mentioned herein, the defendant, "FHC", owned, operated, supervised, maintained and/or controlled certain premises within the County of Orange and State of New York, for the care of sick and ailing persons, and for other individuals requiring medical care and attention, including the plaintiffs herein.

**FIFTEENTH:**

That at all times mentioned herein, the defendant, "FHC", for a consideration offered to render competent and adequate medical services, nursing services, emergency room services, ambulance services, patient transportation services, operating room services, recovery room services, radiology services, laboratory services, pharmacy services, diagnostic and treatment services, surgical services including pre-operative and post-operative services, anesthesia services, and in general all necessary services to give proper, adequate and competent medical care and attention to members of the general public, and more particularly the plaintiffs herein, and further held itself out to such individuals as having the necessary personnel, equipment, supplies and facilities to perform the same.

**SIXTEENTH:**

That at all times mentioned herein, the defendant, ST. LUKE'S CORNWALL HOSPITAL, hereinafter referred to as "ST. LUKE'S", was and still is a corporation, duly existing pursuant to the laws of the State of New York and doing business within the County of Orange and State of New York.

**SEVENTEENTH:**

That at all times mentioned herein, the defendant, "ST. LUKE'S", owned, operated, supervised, maintained and/or controlled certain premises within the County of Orange and State of New York, for the care of sick and ailing persons, and for other individuals requiring medical care and attention, including the plaintiffs herein.

**EIGHTEENTH:**

That at all times mentioned herein, the defendant, "ST. LUKE'S", for a consideration offered to render competent and adequate medical services, nursing services, emergency room services, ambulance services, patient transportation services, operating room services, recovery room services, radiology services, laboratory services, pharmacy services, diagnostic and treatment services, surgical services including pre-operative and post-operative services, anesthesia services, and in general all necessary services to give proper, adequate and competent medical care and attention to members of the general public, and more particularly the plaintiffs herein, and further held itself out to such individuals as having the necessary personnel, equipment, supplies and facilities to perform the same.

**NINTEENTH:**

That in reliance upon the foregoing, the plaintiffs came under and/or submitted to the care and attention of the defendants PAGNANI, KAISHA, FHC and ST. LUKE'S during a

continuous course of treatment beginning on or about May 1, 2014 and ending on or about February 1, 2015.

**TWENTIETH:**

That at all times mentioned herein, the plaintiffs related a history, various complaints, signs, symptoms, pains, sensations and other physical and/or mental occurrences to the defendants and/or each of them, separately, jointly, individually and/or concurrently, and/or their agents, servants, associates, partners and/or employees.

**TWENTY-FIRST:**

That at all times mentioned herein, the plaintiffs submitted to various tests, examinations, procedures, treatments and techniques, both oral and physical, performed by or at the special instance and request of the defendants and/or each of them, their agents, servants, associates, employees and/or partners.

**TWENTY-SECOND:**

That at all times mentioned herein the defendants, their agents, servants, associates, partners and/or employees, were aware or should have been aware of the results, import, findings and/or consequences of this history, complaints, signs, symptoms, pains, sensations and occurrences being experienced by the plaintiffs, as well as the results, import, findings and/or consequences of the tests, examinations, procedures, treatments and/or techniques performed on the plaintiffs, by the said defendants, their agents, servants, employees, associates and/or partners.

**TWENTY-THIRD:**

That in view of the foregoing, the course of treatment, advice, diagnosis, medical care and attention, prescriptions, tests, examinations, studies, surgery, pre and post-surgical care,

procedures and/or techniques given to and/or performed on the plaintiffs by the defendants, their agents, servants, associates, partners and/or employees were not in accord with the accepted standards for the proper practice of medicine, which are generally recognized within the local, state or national community.

**TWENTY-FOURTH:**

That the defendants and/or each of them, individually, jointly and/or concurrently, their agents, servants, associates, partners and/or employees, by acts of commission and/or omission were negligent, careless, and reckless in that they:

    a.    failed and omitted to make a timely deliver the infant plaintiff;

    b.    failed and omitted to timely perform a Cesarean section;

    c.    failed and omitted to timely induce labor;

    d.    failed and omitted to timely recognize indications for performing a Cesarean section;

    e.    failed and omitted to timely recommend and/or timely consider performance of a Cesarean section;

    f.    failed and omitted to apply and/or timely apply and/or properly apply fetal heart monitors, both external and internal;

    g.    failed and omitted to apply fetal heart monitors including internal and external while plaintiff was in the triage area;

    h.    failed and omitted to apply fetal heart monitors, both internal and external, while plaintiff was in the labor and delivery unit;

    i.    failed and omitted to monitor and/or properly monitor fetal well-being during the labor period as a result of failing to apply and/or properly apply and/or timely apply fetal heart monitors, both internal and external;

    j.    failed and omitted to have a fetal heart monitor available to apply to plaintiff;

    k.    negligently, carelessly and recklessly failed to attach appropriate significance and take appropriate medical steps upon seeing that the fetal monitor strips were non-

reassuring;

l. failed and omitted to properly monitor the infant plaintiff for oxygen deprivation;

m. failed and omitted to take appropriate steps following plaintiff's rupture of membranes;

n. failed and omitted to recognize and/or timely recognize signs of fetal bradycardia;

o. failed and omitted to attach appropriate significance of the fetal bradycardia;

p. failed and omitted to request necessary medical personnel for performance of a caesarean section;

q. failed and omitted to properly perform and/or timely perform a scalp PH;

r. failed and omitted to consider performing a scalp PH;

s. failed and omitted to administer proper post-delivery care to the infant plaintiff;

t. failed and omitted to have an adequate number of neonatalogists working at St. Luke's at the time plaintiff was in labor;

u. caused, allowed and permitted plaintiff to suffer severe global developmental delays;

v. negligently, carelessly, and recklessly, violated the rules and/or regulations of St. Luke's;

w. failed and omitted to recognize fetal distress;

x. failed and omitted to timely address fetal distress;

y. failed and omitted to properly address fetal distress;

z. failed and omitted to properly read the fetal heart tracings;

aa. failed and omitted to timely review the fetal heart tracings;

bb. failed and omitted to attach appropriate significance to the fetal heart tracings;

cc. failed and omitted to recognize and/or timely recognize indications of fetal distress;

dd. failed and omitted to conduct and/or timely conduct a biophysical profile;

ee. failed and omitted to timely diagnose the loss of oxygen to the infant plaintiff prior to delivery;

ff. failed and omitted to timely diagnose and address infant plaintiff's fetal distress;

gg. failed and omitted to properly monitor the infant plaintiff for oxygen deprivation;

hh. failed and omitted to properly monitor labor and delivery;

ii. failed and omitted to attach appropriate significance to the length of time that plaintiff had been experiencing contractions;

jj. failed and omitted to respond and/or timely and/or adequately respond to the length of time that plaintiff had been experiencing contractions;

kk. failed and omitted to take appropriate steps to deal with the length of time that plaintiff had been experiencing contractions;

ll. failed and omitted to take appropriate steps to deal with fetal bradycardia;

mm. failed and omitted to timely react to the fetal bradycardia and prolonged fetal bradycardia;

nn. failed and omitted to timely and/or properly perform doppler studies to determine adequate maternal/fetal blood flow;

oo. failed and omitted to consider performing doppler studies to determine adequate maternal/fetal blood flow;

pp. failed and omitted to consider and/or timely consider placing internal monitoring of the fetal heart;

qq. failed and omitted to attach and/or timely attach an internal monitoring of the fetal heart;

rr. failed and omitted to understand the indication for internal monitoring of the fetal heart;

ss. failed and omitted to order and/or timely order internal monitoring of the fetal heart;

tt. failed and omitted to perform and/or timely perform internal monitoring of the fetal heart;

uu. failed and omitted to order and/or recommend that a biophysical profile be performed during the prenatal, labor and delivery periods;

vv. failed and omitted to perform a non-stress test and/or biophysical profile during the prenatal, labor and delivery periods;

ww. failed and omitted to attach appropriate significance to late decelerations present on the fetal heart tracings;

xx. failed and omitted to recognize and/or timely recognize late decelerations in the fetal heart tracings;

yy. failed and omitted to properly monitor fetal well-being;

zz. failed and omitted to timely diagnose loss of oxygen to the infant plaintiff prior to delivery;

aaa. failed and omitted to properly monitor the infant plaintiff for oxygen deprivation;

bbb. failed and omitted to properly monitor labor and delivery;

ccc. failed and omitted to have pediatricians present at the time of delivery;

ddd. failed and omitted to refer plaintiff to appropriate specialists during the labor and delivery period;

eee. failed and omitted to understand signs of fetal distress, including but not limited to, passage of meconium, fetal heart rate decelerations, and diminished fetal heart rate variability;

fff. failed and omitted to perform proper and timely tests, examinations, procedures, studies, surgery, pre and post-surgical care, and in general in giving medical care, attention, treatment and/or care to plaintiffs;

ggg. failed and omitted to understand the clinical analysis, laboratory analysis, history, physical examination, complaints, pains, signs, and/or symptoms so that a proper diagnosis could be made and/or a proper course of treatment given;

hhh. failed and omitted to conform to the accepted standards of care and skill in giving advice, treatment, prescriptions, examinations, information, services, surgery, pre and post-surgical care; attention, studies, laboratory and/or radiological

examinations and/or facts to the plaintiff herein;

iii. failed and omitted to use their best judgment and reasonable care in their medical care, attention, services, treatment, diagnosis and other medical services rendered on behalf of the plaintiffs;

jjj. failed and omitted to refer plaintiff to appropriate specialists during the prenatal period;

kkk. failed and omitted to attach appropriate significance to the episodes of decelerations and/or the slowing of the fetal heartbeat;

lll. failed and omitted to call an OB/GYN in to evaluate plaintiff in a timely fashion;

mmm. failed and omitted to attach appropriate significance to the plaintiff's vaginal bleeding during her prenatal treatment;

nnn. failed and omitted to monitor the plaintiff closely during her prenatal treatment;

**TWENTY-FIFTH:**

That solely as a result of the aforesaid negligence and/or medical malpractice of the defendants, their agents, servants, associates, partners and/or employees, and without any negligence on the part of the plaintiffs contributing thereto, the infant plaintiff, A.G.L., was caused to sustain the injuries which are hereinafter referred to.

**TWENTY-SIXTH:**

That as a result of the negligence and/or medical malpractice as aforesaid, the infant plaintiff became, still is and for a long time to come will suffer from conditions related to avoidable preterm labor such as respiratory distress syndrome, and brain damage and will be sick, sore, lame, bruised, injured and wounded in and about the various parts of his head, neck, body and limbs, both internally and externally, including various organs, functions of his body and including surrounding muscles, tissues, arteries, veins, blood vessels, cells and other parts of infant plaintiff's body and that infant plaintiff also sustained psychic injuries and/or mental anguish and agony and was otherwise injured and upon information and belief said injuries are

permanent; that by reason of the foregoing the infant plaintiff was obliged to and did necessarily employ medical aid, medicinals, hospital aid and other treatment in an attempt to cure himself of said injuries and has been prevented from performing his duties and will be so prevented for a long time to come.

**TWENTY-SEVENTH:**

That by reason of the foregoing departures from accepted medical practice, the infant plaintiff has been damaged by the defendants herein and seeks a monetary award and damages which exceed the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over the defendants herein.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST THE DEFENDANTS BY THE PLAINTIFF,
ELIZABETH LUIS, TO RECOVER A
MONETARY AWARD FOR LOSS OF SERVICES
OF HER INFANT SON, A.G.L.**

**TWENTY-EIGHTH:**

That the plaintiff, ELIZABETH LUIS, repeats, reiterates and realleges each and every allegation of the Complaint in paragraphs numbered "FIRST" through "TWENTY-SEVENTH" both inclusive and with the same force and effect as though said allegations were herein fully set forth at length.

**TWENTY-NINTH:**

That at all times mentioned herein, the plaintiff, ELIZABETH LUIS, was and still is the mother and natural guardian of the infant plaintiff, A.G.L., and that the plaintiff, ELIZABETH LUIS, is entitled to the services, care and companionship of the infant plaintiff and is responsible for the medical care and expenses incurred on behalf of the infant plaintiff.

**THIRTIETH:**

That as a result of the negligence of the defendants as aforesaid, the plaintiff, ELIZABETH LUIS, has been deprived of the services of the infant plaintiff, A.G.L., and has incurred expenses for medical treatment, care and attention by physicians and other medical expenses as a result of the injuries sustained by the infant plaintiff.

**THIRTY-FIRST:**

That as a result of the foregoing, the plaintiff, ELIZABETH LUIS, has been damaged by the defendants herein and seeks a monetary award and damages which exceed the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over the defendants herein.

*WHEREFORE*, the infant plaintiff, A.G.L., by his parent and natural guardian, ELIZABETH LUIS, demands a monetary judgment in the form of damages against the defendants on the First Cause of Action; and

*WHEREFORE*, the plaintiff, ELIZABETH LUIS, demands a monetary judgment in the form of damages against the defendants on the Second Cause of Action, together with all the costs and disbursements of this action.

Dated: Brooklyn, New York
       July 26, 2017

"I have read the foregoing and I certify that, upon information and belief, the source of which is the review of a file maintained by my office, the foregoing Summons and Verified Complaint is not frivolous as defined in Subsection (c) of Section 130-1.1 of the rules of the Chief Administrator."

                                        Amy L. Insler, Esq.
                                        Bonina & Bonina, P.C.
                                        Attorneys for Plaintiffs
                                        16 Court Street – Suite 1800
                                        Brooklyn, New York 11241
                                        Phone No.: (718) 522-1786